# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JANELL RENE BUTLER**, | Case No. 3:16-cv-2403-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **FOREST GROVE POLICE DEPARTMENT, WASHINGTON COUNTY SHERIFF'S DEPARTMENT, DEPARTMENT OF PUBLIC SAFETY STANDARDS & TRAINING, WASHINGTON COUNTY EVICTIONS COURT, TIMOTHY MARBLE, CARROLL BUTLER, BARBARA BUTLER, JOHN HENRY, JUDY HENRY**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Janell Rene Butler filed *pro se* claims against four public entities—Defendants Forest Grove Police Department, Washington County Sheriff's Department, Department of Public Safety Standards & Training (collectively, "Law Enforcement Defendants"), and the "Washington County Evictions Court." Plaintiff also filed claims against five individuals—Timothy Marble, Carroll Butler, Barbara Butler, John Henry, and Judy Henry (collectively, "Individual Defendants"). Service of process has not yet occurred. Additionally, Plaintiff filed a motion to proceed *in forma pauperis*. The Court grants Plaintiff's application to proceed *in*

PAGE 1 – OPINION AND ORDER

*forma pauperis*, but finds that even under the liberal pleading standards afforded a *pro se*

plaintiff, Plaintiff fails to state a claim upon which relief may be granted and some of her claims

are barred by Eleventh Amendment sovereign immunity. Accordingly, for the reasons stated

below, this case is dismissed.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before

service of process, if the Court determines that the action is "frivolous or malicious" or the

complaint "fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915(e)(2); *see*

*also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (discussing an earlier version of the statute);

*Jackson v. Arizona*, 885 F.2d 881, 882 (9th Cir. 1989). A complaint is frivolous "where it lacks

an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325; *Lopez v. Dep't of Health Servs.*,

939 F.2d 881, 882 (9th Cir. 1991); *Jackson*, 885 F.2d at 640. The term "frivolous," when used to

describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful

factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual

allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint

and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668

F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th

Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply

allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide]

sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying

factual allegations must "*plausibly* suggest an entitlement to relief." *Baca*, 652 F.3d at 1216

(emphasis added). "A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

 *Pro se* plaintiffs receive special dispensation. A court must liberally construe the filings

of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v.

Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A *pro se* litigant must be given leave to amend his or

her complaint unless it is absolutely clear that the deficiencies of the complaint could not be

cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623

(9th Cir. 1988) (citation and internal quotation marks omitted). But even a *pro se* plaintiff must

offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## ALLEGATIONS IN THE COMPLAINT

 Plaintiff's form Complaint does not contain any factual allegations, but instead

incorporates by reference three attached letters. Because those letters reference persons not sued

in this lawsuit and purports to attach documents and photographs not filed in this lawsuit, it

appears that they were not originally prepared for purposes of this lawsuit.

 In the first of her letters, Plaintiff alleges that her house, car, and storage units repeatedly

have been broken into and her property was stolen and vandalized. Plaintiff alleges that she

reported all of these crimes to the Forest Grove Police Department and Washington County

Sheriff's Office, and that she identified the persons she believed were responsible. Plaintiff

asserts that these law enforcement agencies failed to arrest the perpetrators identified by Plaintiff,

despite the evidence Plaintiff provided supporting her complaints. This letter also contains

factual allegations against persons not named in this lawsuit, and references attached photos and other evidence not filed in this lawsuit.

In her second letter, Plaintiff asserts that she is bringing suit against "Judge Michelle Riney," the judge who allegedly decided Plaintiff's eviction case. Plaintiff alleges that Judge Riney had a conflict of interest because Judge Riney is married to Plaintiff's cousin. Plaintiff further alleges that this cousin's family has been stalking and harassing Plaintiff for years. In this lawsuit, Plaintiff does not name Judge Riley but instead names the "Washington County Evictions Court."  Also in her second letter, Plaintiff requests that the Court grant her the requested subpoena for documents from Defendant Timothy Marble that will prove that Plaintiff is the rightful owner of her grandmother's house. Plaintiff asserts that she lived with and cared for her grandmother before she passed away. Plaintiff alleges that her grandmother made a will leaving the house to Plaintiff and that Timothy Marble is in possession of that will. Plaintiff alleges that Judge Riney and her husband's family took the house away from Plaintiff. In this letter Plaintiff references a subpoena and photographs, none of which are attached.

In her third letter, Plaintiff alleges that she has repeatedly and unsuccessfully contacted the Law Enforcement Defendants, among others, trying to obtain justice. She further alleges that in 2005 her aunt, Defendant Judy Henry, helped Plaintiff after an automobile accident, negotiated a settlement, and then stole the settlement check in the amount of approximately $350,000 to $375,000. Plaintiff alleges that she did not know about this fraud and theft until "a few months ago." Plaintiff also alleges that Ms. Henry and her husband Defendant John Henry, along with others, had Plaintiff wrongfully evicted from her grandmother's house, stole Plaintiff's possessions, and stalked Plaintiff. In this letter, Plaintiff also alleges that her parents, Defendants Barbara and Carroll Butler, stole funds from Plaintiff and distributed them to "a

national mortgage company." Plaintiff alleges additional facts relating to numerous persons not named in this lawsuit and describing how those persons stole funds and property from Plaintiff, harassed Plaintiff, and stalked Plaintiff.

## DISCUSSION

Several defects in Plaintiff's Complaint require *sua sponte* dismissal. Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). A district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and within the area of jurisdiction granted by Congress. *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (*en banc*). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

In her form Complaint, Plaintiff checked the box asserting that jurisdiction in this Court is appropriate because her claims involve a federal question (ECF 2 at 2), and that she is alleging claims against state actors under 42 U.S.C. § 1983 and against federal actors[1] under *Bivens*[2]

---

[1] Plaintiff does not name any federal agency or employee in her Complaint.

[2] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

PAGE 5 – OPINION AND ORDER

(ECF 2 at 9). Plaintiff, however, fails to plead any cognizable claim under the U.S. Constitution or any federal statute that might afford her federal question jurisdiction.

## A.  Claims Against the Law Enforcement Defendants

Construing Plaintiff's Complaint liberally, she alleges that the Law Enforcement Defendants violated her rights by failing to arrest the persons who allegedly assaulted, stalked, harassed, and stole from Plaintiff and who vandalized Plaintiff's property. This fails to state a cognizable claim under 42 U.S.C. § 1983 for a deprivation of Plaintiff's rights under the U.S. Constitution or federal law. A plaintiff does not have a constitutional right to, or, in fact, any judicially cognizable or enforceable interest in, the criminal prosecution or non-prosecution of another person. *See Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005); *see also Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) ("'[T]he general rule is that [a] state is not liable for its omissions.' In that vein, the Fourteenth Amendment's Due Process Clause generally does not confer any affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests. As a corollary, the Fourteenth Amendment typically 'does not impose a duty on [the state] to protect individuals from third parties.'" (alterations in original) (citations omitted)); *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006) ("[T]he framers of the Fourteenth Amendment and the Civil Rights Act of 1871, 17 Stat. 13 (the original source of § 1983), did not create a system by which police departments are generally held financially accountable for crimes that better policing might have prevented . . . .").

There are two exceptions to the general rule "that a state actor is not liable under the Due Process Clause 'for its omissions.'" *Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016). They are: "'(1) when a 'special relationship' exists between the plaintiff and the state (the special-relationship exception); and (2) when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger' (the state-created danger exception).'" *Id.* The first exception requires that "the State takes a person into its custody and holds him there against his will" because "it is the State's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or other similar restraint of personal liberty—which is the 'deprivation of liberty' triggering the protections of the Due Process Clause." *DeShaney*, 483 U.S. at 199-200. No such facts are alleged in this case.

The second exception requires that a state actor "fail[] to protect a person's interest in his personal security or bodily integrity when the state actor affirmatively and with deliberate indifference placed that person in danger. The doctrine holds state actors liable 'for their roles in creating or exposing individuals to danger they otherwise would not have faced.'" *Pauluk*, 836 F.3d at 1122 (citation omitted). No such facts are alleged in this case. Thus, neither exception applies to the facts as alleged by Plaintiff.

Additionally, although there is no general constitutional right to police protection, the state may not discriminate in providing such protection. An equal protection claim for inadequacy of police protection, however, can be sustained only upon proof that the failure to investigate a crime or the non-arrest of a perpetrator was the result of discrimination against a protected class. *See McKee v. City of Rockwall*, 877 F.2d 409, 418 (5th Cir. 1989); *Watson v. Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988). Here, Plaintiff makes no allegation

that the Law Enforcement Defendants failed to act because of Plaintiff's status or membership in any protected class.

**B.  Claims Against the State Court Defendant**

Plaintiff asserts claims against the "Washington County Evictions Court." There is no such court. Evictions in Washington County are handled in the Washington County Circuit Court. Accordingly, Plaintiff's claims against the "Washington County Evictions Court" are construed as brought against the Washington County Circuit Court.

The circuit courts of the State of Oregon are state entities. *Dauven v. U.S. Bank Nat'l Ass'n*, 2011 WL 1990549, at *2 (D. Or May 20, 2011); *Sobotta v. State of Or.*, 2007 WL 2984039, at *2 (D. Or Oct. 10, 2007). Accordingly, a suit against the Washington County Circuit Court is a suit against the State of Oregon and is barred by the Eleventh Amendment. *See Greenlaw v. Cty. of Santa Clara*, 125 F. App'x 809, 810 (9th Cir. 2005) (claims against California state court barred by Eleventh Amendment sovereign immunity); *Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (same); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (same); *Dauven*, 2011 WL 1990549, at *2 (claims against Oregon circuit court barred by Eleventh Amendment sovereign immunity); *Sobotta*, 2007 WL 2984039, at *2 (same). Thus, all claims against the Washington County Circuit Court are dismissed with prejudice.[3]

**C.  Claims Against the Individual Defendants**

Plaintiff alleges that the Individual Defendants harassed, stalked, assaulted, and stole from Plaintiff, and damaged her personal and real property. Even assuming Plaintiff's allegations plausibly state a claim, these are claims brought under state law and are insufficient to invoke the

---

[3] The Court notes that to the extent Plaintiff meant to file suit against a specific judge and not the court itself, such a claim would be barred by the doctrine of judicial immunity.

jurisdiction of a federal court. As discussed above, the Court is dismissing Plaintiff's claims brought under federal law. Accordingly, the Court declines to invoke its supplemental jurisdiction over Plaintiff's claims brought under state law.

**D.  Leave to Replead**

The claims against Washington County Circuit Court are dismissed with prejudice and without leave to replead. Although the Court is skeptical that Plaintiff can cure the deficiencies identified in this Opinion and Order with respect to her claims against the Law Enforcement Defendants, the Court does not find that it is *absolutely clear* that no amendment can cure the deficiencies. If such claims are properly alleged, the Court may then reconsider its decision not to invoke its supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* (ECF 1) is GRANTED. Because Plaintiff fails to state a claim and some of her claims against Defendants are barred by Eleventh Amendment sovereign immunity, this case is dismissed *sua sponte*. Plaintiff's claims against Washington County Circuit Court are dismissed with prejudice. Plaintiff's remaining claims are dismissed without prejudice. Not later than February 10, 2017, Plaintiff may file an Amended Complaint if she can cure the deficiencies identified in this Opinion and Order

**IT IS SO ORDERED.**

DATED this 4th day of January, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge